State *v.* Newbegin.

---

## The State *versus* Edward Newbegin.

The offence of breaking is a violation of the security intended to exclude; and when coupled with an entrance into a store with a felonious intent, it may constitute the crime described in Rev. Stat. c. 155, § 11.

But when the store is lighted up, and the doors are latched, merely, in the ordinary manner, without any fastening to exclude others, and the clerks are in the store ready to attend upon customers; and before eight o'clock in the evening one carefully lifts the latch and enters the store by the door, with the intention to commit a larceny therein, and does so enter and commit a larceny, secretly and without the knowledge of the attendants in the store; it does not amount to such breaking and entering as to constitute the crime intended to be punished under that section of the statute.

This was an indictment against Edward Newbegin and Samuel L. Barnes for breaking and entering the store of

Jeremiah Dow, in Portland, in the night time, and stealing twenty yards of satinett, valued at ten dollars, and was tried at the District Court, Cumberland county, March Term, 1846. Barnes did not appear, and Newbegin was tried alone. There was evidence tending to show, that said Newbegin was seen coming out of the store between seven and eight of the clock in the evening, of the day alleged in the indictment. The store was occupied by Mr. Dow, as a dry goods store, and was open in the evening for selling goods, till after said cloth was taken. There were two entrances to the store, one on Temple street and one on Middle street. The latter was the more frequented, but there was free access through either. There was a sign over each door. It was the door on Temple street into which the evidence tended to show, that Newbegin entered. It was a door with two sides and a glass in the upper part, the right side was the part used, and it was, when shut, held by a common latch, when persons were in the store, and opened and shut by customers as store doors are usually opened and shut; but when the store was left or closed for the night, it was secured by barring and locking. The evidence tended to show, that Newbegin and Barnes watched an opportunity to open the door, so as not to attract observation when they went in; but there was no other breaking than the lifting the latch and opening the door, as was usually done by persons entering the store. The store was lighted and the clerks were in it, when the goods were taken, as alleged in the indictment. The store consisted of but one room extending from Middle to Temple streets; and there was a light on the counter where the cloth which was taken lay. No one saw Newbegin lift the latch.

Goodenow, District Judge, presiding at the trial, instructed the jury, that if said Newbegin opened the door on Temple street and entered into the store for an unlawful purpose, it was breaking and entering, within the meaning of the statute, and would support the indictment upon the facts aforesaid.

On the return of a verdict of guilty, the counsel for Newbegin filed exceptions to the instructions of the Judge.

*Wells & Sweat*, for Newbegin, said that the store was open for the sale of goods in the usual manner; and that there was no other breaking, than every one commits who lifts the latch of the door, and enters to purchase goods. The store was lighted up, and three clerks were in it to attend to customers. Signs were up over each door, thus by universal custom inviting all to enter without asking permission. When the store was intended to be closed, the doors were fastened, so that there could be no admission without breaking. Whether the accused entered the store with the intention to commit a larceny or not, is entirely irrelevant to this question. There was no such breaking as is necessary to sustain an indictment under Rev. Stat. c. 155, § 11. *Commonwealth* v. *Trimmer*, 1 Mass. R. 476 ; 2 C. & P. 628 ; 2 Russ. on Cr. 4 & 5 ; 2 Stark. Ev. 318 ; 2 East's P. C. 487 ; *Commonwealth* v. *Stephenson*, 8 Pick. 354.

*Moor*, Attorney General, for the State, contended that the instruction of the District Judge was right. The accused opened the store door with the felonious intent to steal goods from it, which custom did not warrant, and the entry therefore was not for a lawful purpose. It was a sufficient breaking and entering. The words, in this respect, are the same as in Rev. Stat. c. 156, § 2 ; one forbidding the breaking into a store, and the other into a dwellinghouse. The authorities in relation to each, are therefore pertinent. 2 East's P. C. 487 ; 2 Russ. on Cr. 5, 9, 10, 11, 12 ; Rosc. on Cr. Ev. 253.

The opinion of the Court was by

SHEPLEY J. — The statute, c. 155, § 11, provides, that if any person, with intent to commit a felony, shall, at any time, break and enter any office, bank, shop, or warehouse, he shall be punished by imprisonment in the state prison. The prisoner was indicted with another person for breaking and entering the shop of Jeremiah Dow, in Portland. He was convicted, and the case is presented on exceptions taken to the instructions, as to what facts were sufficient to constitute the offence of breaking. The facts essential to a decision of the question presented, appear to have been these. The shop had been

occupied for the sale of goods, with two doors opening on different streets for the entrance of persons to trade. The prisoner entered between seven and eight o'clock in the evening by the door opening on the street least frequented, being aided by another person to watch and inform him, so that he did it, when three clerks were seated by the fire, where they could not see that door. The shop was lighted and the clerks were there for trade. The doors and windows had not been closed to exclude persons, although the doors were shut. The prisoner watching for a favorable opportunity, carefully lifted the latch, opened the door, took a piece of cloth, and escaped.

It was doubtless the design of the legislature to use the words, break and enter, when defining this offence, in the sense, in which they are used to define the crime of burglary. To constitute that offence, there must be proof of an actual breaking, or of that, which is equivalent to it. Proof of an illegal entrance merely, such as would enable the party injured to maintain trespass *quare clausum,* will not be sufficient. Nor will proof of an entrance merely, for a purpose ever so felonious and foul, accompanied by any conceivable stratagem, be sufficient, if there be no actual breaking. There must indeed be proof of a felonious intent, but however clearly that may be proved, and however full may be the proof of entrance, the offence is not proved, until there be proof of an actual breaking or its equivalent. It is immaterial, by what kind of violence the breaking is effected. The gist of the offence consists not in the degree or kind of violence used. One, who had obtained an entrance by threats, causing the door to be opened for him; or by fraudulent misrepresentation and falsehood; or by conspiring with a servant within, was considered as guilty of the offence by the commission of acts equivalent to an actual breaking. The lifting of a trap-door, kept down by its own weight and not fastened, was adjudged to be a breaking. *Rex* v. *Brown,* 2 East's P. C. 487. Yet Baron Bolland held that the lifting of such a door, while newly placed and without the fastenings intended to be made, was not a breaking. *Rex* v. *Lawrence,* 4 C. & P. 231. An entrance

effected by cutting away a net work placed around an opening for a glass window, which had been left open, was held to be a breaking. *Commonwealth* v. *Stephenson*, 8 Pick. 354. While the offence will not be committed by an entrance through an open door, window, or other open place usually closed when others are intended to be excluded, it has been decided, that an entrance, by a chimney open, when the intention is to exclude, will be a breaking. *Rex* v. *Brice*, Russ. & Ry. C. C. 450.

The offence of breaking is a violation of the security designed to exclude. And coupled with an entrance into a shop with a felonious intent, it constitutes the crime charged in the indictment. The opening of a shop door in the day time, which had been closed only to exclude the dust or cold air, with a design that it should be opened by all, who should be inclined to enter, could not be a violation of any security designed to exclude, and therefore not a breaking. It would not even be a trespass, for the custom of trade in it would be evidence of a general license to enter. The effect would not be different, if the entrance were made in the evening under like circumstances, while the shop continued to be lighted and prepared for trade. Our statute, in defining this offence, makes no distinction respecting the time of breaking and entrance. The same acts will constitute the offence irrespective of light or darkness. In accordance with the principle stated, it was decided in the case of *Rex* v. *Smith*, Ry. & Moo. C. C. 178, that an entrance through a window left a little open, by pushing it wide open, was not a breaking. The twelve Judges appear to have been equally divided in opinion in the case of *Rex* v. *Callan*, Russ. & Ry. C. C. 157, whether the offence of breaking out of a cellar was committed by lifting a flap door, by which the cellar was closed, when the flap had bolts, by which it was usually fastened, and which were not bolted. If the proof had been, that the door had been closed to exclude, though not fastened by bolts, there would seem to have been a commission of the offence by the violation of that security. But when a door usually fastened for the purpose of exclusion by a lock, bar, or bolt, is entered, when not fastened in that

mode nor in any mode for the purpose of excluding others, one necessary element of the offence of breaking is wanting.

*Exceptions sustained and*
*case remanded to the District Court.*