Judgment of the Queens County Court convicting defendant of the crimes of burglary in the third degree (2 counts), and petit larceny, and sentencing him to an indefinite term in a New York Penitentiary on each count, sentences to run concurrently, affirmed. No opinion. Carswell, Johnston, Sneed and MacCrate, JJ., concur; Nolan, P. J., concurs in the affirmance with respect to petit larceny, but dissents from the affirmance with respect to the crime of burglary in the third degree (2 counts) and votes to dismiss said burglary counts in the indictment, with the following memorandum: Appellant has been convicted of the crime of burglary in the third degree, in breaking and entering the store of R. H. Maey & Co., petit larceny, committed in the store, and burglary in the third degree in breaking out of the store after committing the crime of petit larceny therein. The breaking and entering consisted of pushing open a door of the store which opened upon the street, in the daytime, during business hours, and entering the store in the same manner as others customarily entered it. The breaking out consisted of pushing open the door and leaving the store, during business hours, under similar circumstances. I agree that appellant was properly convicted of petit larceny. However, in my opinion, the evidence was insufficient to establish either a breaking and entering or a breaking out after the commission of a crime. The breaking contemplated by the statute, whether it be to gain entrance or exit, is not committed when the person who enters or leaves does so with the, consent, express or implied, of the occupant of the premises. Here there was an express invitation to the general public to enter the store, by the street entrance, during business hours, and to *909 leave by the same means. Neither the entry by the defendant nor his exit was against the will of the occupant, but, on the contrary, was with its express consent. The door, while actually closed, was constructively open to appellant on both occasions. (Cf. People v. Kelley, 253 App. Div. 430; State v. Newbegin, 25 Me. 500; State v. Stephens, 150 La. 944.) '