**STATE of Maine**

v.

**Robert O. MOWER.**

Supreme Judicial Court of Maine.

March 30, 1971.

Elton A. Burky, Asst. County Atty., Skowhegan, or plaintifff.

James MacMichael, Skowhegan, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE and POMEROY, JJ.

POMEROY, Justice.

This Defendant-Appellant's[1] appeal raises three issues, all of which we find to be without merit.

These are:

(a) Is the indictment sufficient to charge the Defendant with violation of 17 M.R.S.A. § 754, breaking and entering with intent to commit larceny?

(b) Is the evidence sufficient to sustain the conclusion there was a *"break"* and *"entry"* into the building with intent to commit larceny?

(c) Is the evidence sufficient to sustain the conviction?

---

1. The Appellant's journey to this Court has not been without detours. See State of Maine v. Mower, Me., 254 A.2d 604. A post-conviction habeas corpus finally returned the appeal to its course.

■ The indictment in this case charges that the Defendant:

" * * * a building owned by B. Wentworth Greenleaf there situate, in which valuable things were then and there kept, feloniously did break and enter with intent permanently to deprive the owner of his property, to wit the goods, chattels and property of the said B. Wentworth Greenleaf in said building then and there being, then and there feloniously to steal, take and carry away."

This Court has recently had occasion to discuss the statute here under consideration. State v. Byron G. Smith, Me., 268 A.2d 625 (August 19, 1970).

It is so clear the indictment is legally sufficient to charge violation of 17 M.R.S.A. § 754 further discussion is unnecessary.[2]

■ It has long been the law of Maine to constitute the crime of breaking and entering with intent to commit a felony or any larceny, there must be an actual break or its equivalent. State v. Newbegin, 25 Me. 500 (1846).

In Newbegin the Court found there was no break because the door through which the Defendant entered was latched merely in the ordinary manner without any fastening to exclude others and the clerks were in the store ready to attend upon customers.

"Proof of an illegal entrance merely, such as would enable the party injured to maintain trespass quare clausum, will not be sufficient. Nor will proof of an entrance merely, for a purpose ever so felonious and foul, accompanied by any conceivable stratagem, be sufficient, if there be no actual breaking. There must

indeed be proof of a felonious intent, but however clearly that may be proved, and however full may be the proof of entrance, the offence is not proved, until there be proof of an actual breaking or its equivalent. It is immaterial, by what kind of violence the breaking is effected."

The Court in Newbegin continued by pointing out that the offense of breaking is a violation of the security designed to exclude.

The Supreme Court of Massachusetts in Commonwealth v. Tilley, 246 N.E.2d 176 (1969), held that movement to a material degree of something that barred the way of entry into a residence was a breaking. See also Commonwealth v. Lewis, 346 Mass. 373, 191 N.E.2d 753.

In State v. Kohlfuss, 152 Conn. 625, 211 A.2d 143 (1965), the Supreme Court of Connecticut declared:

"It is enough to constitute a breaking, if an unlocked window, whether or not partially opened, is raised or further opened to admit a person's body, or if a door, even though unlocked or ajar, is opened for the same purpose."

To like effect it is the ruling of the Supreme Court of Vermont in State v. Lapoint, 87 Vt. 115, 88 A. 523.[3]

■ In dictum found in State v. Newbegin, supra, our Court cited Rex v. Smith, Ry. & Moo. C.C. 178, as authority for the position that an entrance through a window left a little open by pushing it wide open was not a breaking.

We now think otherwise.[4]

---

2. It is noted court-appointed counsel for the Defendant inserted the following legend in that portion of the Appellant's brief which sought to deal with the claim the indictment was insufficient: "I have been requested by the Defendant, Robert O. Mower, to submit his own brief with respect to the question of the sufficiency

of the indictment, and I do so herewith verbatim:"

3. See 23 A.L.R. 109 for a collection of cases.

4. The Supreme Court of Massachusetts in Commonwealth v. Tilley, supra, said: " * * * we think that entry through

In the case before us there was evidence given by the man in charge of the print shop that when he left the shop on the night the Defendant was arrested inside the shop, he closed the safe in the shop around four o'clock in the afternoon and that he had someone in his employ check the doors and windows in the upstairs portion of the building to make sure they were secure.

The Defendant and his alleged accomplice were arrested inside the building later that night. There is evidence from which the jury could have found that when the police went to the building to investigate as the result of a telephone call received earlier, they found the doors and windows in the building closed.

Thus, they could have properly concluded that the Defendant and his companion had gained entrance to the building by moving to a material degree something that barred the way, i.e., either a closed door or a closed window.

The fact of a break was adequately shown by circumstantial evidence.

The Defendant and his companion were both seen by a witness in the immediate vicinity of the building. While the witness watched from a window across the street they ran up over the stairs to the second floor of the building into which they allegedly broke.

Later the witness looked through the window of a door of the building in which the break occurred and observed them inside the building. When the police arrived both were inside the building. There was evidence the safe had been pounded and the dial on the safe somewhat bent. A panel on the door leading into the pressroom was smashed out.

There was ample evidence to justify the jury in concluding the Defendant was

*an open window not apparently intended, or useable in due course, as a means of entry is within the intent of the statute.*

guilty of the crime of breaking and entering with intent to commit larceny.

The entry must be,

Appeal denied.

MARDEN, J., sat at argument but retired before this opinion was adopted.

*The security of the house in such a case is at least as much invaded as when a closed unlocked door is opened."*