STATE of Maine

v.

Daniel MOODY.

Supreme Judicial Court of Maine.

March 2, 1972.

Anthony J. Cirillo, County Atty., Pittsfield, William F. Gore, Asst. Atty. Gen., Augusta, for plaintiff.

Perkins & Townsend, by George W. Perkins, Skowhegan, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

About midnight on July 24, 1970 an elderly gentleman in a rural area of North New Portland was aroused by a knock on the door of his dwelling. When he opened the door he was confronted by a young man whom he later identified as the Defendant. He testified that this young man and two others seized him, bound and blindfolded him and, entering his house, took some of his property which was located there.

The Defendant was indicted for this crime in the Superior Court in Somerset County. He went to trial and was convicted. His appeal raises several issues, the first of which proves dispositive of the problem. The Defendant argues that the indictment upon which he was tried is unconstitutionally vague.

We must examine the indictment against the standard which this Court announced in State v. Charette, 159 Me. 124, 127, 188 A. 2d 898, 900 (1963):

"The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise."

The indictment read:

"THE GRAND JURY CHARGES:

That on or about the twenty-fourth of July, 1970, in the Town of North New

Portland, County of Somerset, and State of Maine, the above named defendant, Daniel Moody, in the nighttime of said day, the dwelling house of Francis P. Williams there situate, in which valuable things were then and there kept, feloniously did break and enter, *the said Francis P. Williams being then and there in said dwelling*, and 1–38 caliber revolver of the value of Thirty Dollars ($30.00) and Sixty-five Dollars ($65.00) in United States Treasury Notes and Certificates, current as money in the United States of America, all of the aggregate value of ninety-five dollars ($95.00), and all of the property of said Francis P. Williams, feloniously did steal, take and carry away, *the said Daniel Moody then and there putting the said Francis P. Williams in fear of great bodily harm.*" (Emphasis added)

Before trial commenced, Defendant made a timely objection to the indictment as not adequately informing the Defendant of the particular offense with which he was charged. It does not appear that his objection was ever acted upon although it was renewed at the conclusion of the State's case and again following the Justice's charge to the jury.

It will be seen that the indictment presents a classic charge of breaking, entering and larceny in the nighttime—except that it contains the additional language "the said Francis P. Williams being then and there in said dwelling" and "the said Daniel Moody then and there putting the said Francis P. Williams in fear of great bodily harm."

Breaking, entering and larceny in the nighttime is declared to be a felonious offense by 17 M.R.S.A. § 2103. The indictment has the caption "Breaking, entering and larceny in the nighttime" but it also bears the citation "T 17 M.R.S.A. Section 754", which is an incorrect citation for the offense of breaking, entering and larceny in the nighttime. 17 M.R.S.A. § 754 defines the offense of breaking and entering with intent to commit a felony or larceny.

M.R.Crim.P., Rule 7(c) reads, in pertinent part:

" . . . Error in the citation of a statute or its omission shall not be grounds for the dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

The indictment's language "the said Daniel Moody then and there putting the said Francis P. Williams in fear of great bodily harm" would suggest that this was an allegation which was included for the purpose of bringing the charge within the terms of § 754 which provide an enhanced punishment if any person is "lawfully therein and put in fear."

On the other hand, the indictment's earlier language "the said Francis P. Williams being then and there in said dwelling" could be taken as an allegation of one of the elements of statutory burglary which makes it an offense to break and enter a dwelling house in the nighttime "any person being lawfully therein". 17 M.R.S.A. § 751.

While the indictment would be a completely acceptable charge of violation of section 2103 if the surplus language was stricken (Dow v. State, Me., 275 A.2d 815 (1971); M.R.Crim.P., Form 11; Whitehouse and Hill, Directions and Forms for Civil Procedure, page 74.) the Defendant insists that the inclusion of the additional language combined with the erroneous citation, misled him to his prejudice. The record appears to bear out this contention. Before trial commenced, the Defendant's attorney asked to know under what section the Defendant was being charged. The substance of the colloquy between the two attorneys seems to be that the Defendant was being charged with a violation of § 754 but the Justice added "When we have a recess we will check it more thoroughly."

Although Defendant's counsel still protested his confusion at the end of the State's

case, the record discloses no further clarification of the charge against Defendant.

In his instructions to the jury, although the Presiding Justice twice referred to the charge as burglary, he told the jury that the offense with which Defendant stood charged was the statutory offense of committing larceny in the nighttime in a dwelling house. The statute to which the Justice referred is section 2103.[1] Defendant's counsel preserved Defendant's objections as to the charge. The Judgment and Commitment recites that the Defendant had been convicted of the offense of breaking, entering and larceny in the nighttime, which is an offense created by section 2103.

While Defendant's counsel failed to file a motion to dismiss because of the vagueness of the indictment (M.R.Crim.P., Rule 12(b) (2)) or to strike surplusage (M.R. Crim.P., Rule 7(d)), the Presiding Justice accepted his objections as having been noted adequately before trial.

We conclude that the unusual circumstances combined to create such an uncertainty as to the charge upon which he was being tried as to amount to an unintended denial of a fair trial.[2]

Appeal sustained. New trial ordered.

All Justices concurring.

---

1. Section 2103 reads: "Whoever, without breaking, commits larceny in the nighttime in a dwelling house or building adjoining and occupied therewith, or breaks and enters any office, bank, shop, store, warehouse, barn, stable, house trailer, mobile home, inhabitable camp trailer, vessel, railroad car of any kind, courthouse, jail, meetinghouse, college, academy or other building for public use or in which valuable things are kept and commits larceny therein, shall be punished by imprisonment for not more than 15 years; and when the offense is committed in the daytime, by a fine of not more than $1,000 or by imprisonment for not more than 6 years."

2. It appears likely that Defendant's need during trial for certainty as to the charge against him was enhanced by the fact that at the time of trial State v. Mower, Me., 275 A.2d 584 (1971) had not been decided. The Defendant doubtless took some comfort from the language of State v. Newbegin, 25 Me. 500 (1846). The Court had then said, speaking of the offense of breaking and entering with intent to commit a felony or any larceny, "Proof of an illegal entrance merely, such as would enable the party injured to maintain trespass *quare clausum*, will not be sufficient. Nor will proof of an entrance merely, for a purpose ever so felonious and foul, accompanied by any conceivable stratagem, be sufficient, if there be no actual breaking. . . ." *Mower* has since made clear that a break is committed when the offender gains entrance by moving to a material degree something that barred the way.