STATE OF CONNECTICUT *v.* JOSE GONZALEZ

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 7—decision released December 5, 1978

*Guy W. Wolf III,* assistant state's attorney, for the appellant (state).

*Jerrold H. Barnett,* public defender, with whom were *Joette K. Rubin,* assistant public defender, and, on the brief, *Phillip N. Armentano,* public defender, for the appellee (defendant).

PER CURIAM. After a trial to the court, the defendant was found guilty of burglary in the third degree in violation of § 53a-103 of the General Statutes.[1] In an appeal by the defendant, the Appellate Session of the Superior Court found error, set the judgment aside and remanded the case to the trial court with direction to render a judgment of not guilty. On the granting of certification, the state appealed to this court from that judgment.

The case turned upon the issue of whether there was an entry by the defendant into a building. The evidence on this question was entirely circumstantial. The Appellate Session concluded that the state failed to prove such an entry beyond a reasonable doubt; that permissible inferences from the evidence did not follow reasonably and logically from all the facts; see *State* v. *Taylor,* 153 Conn. 72, 78, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442; and that the argument that entry was proven by inference was without substance.

The evidence must be sufficient to show affirmatively and beyond a reasonable doubt that there was an illegal entry to constitute a burglary under the statute. Cf. *State* v. *Kohlfuss,* 152 Conn. 625, 638–39, 211 A.2d 143. Although there is no legal distinction between direct and circumstantial evidence so far as its probative force is concerned; *State* v. *McGin-*

---

[1] "[General Statutes] Sec. 53a-103. BURGLARY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

*nis,* 158 Conn. 124, 129, 256 A.2d 241; "[a] conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion." *State* v. *Annunziato,* 145 Conn. 124, 136, 139 A.2d 612. The facts of the present case may be distinguished from those in *State* v. *Smith,* 156 Conn. 378, 381–82, 242 A.2d 763, where there was substantial evidence establishing that an entry had in fact occurred.

Under the circumstances of this case, therefore, we agree with the conclusion of the Appellate Session that the state had failed to sustain its burden.

There is no error in the decision of the Appellate Session.