[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 11, 1992 Date of Application December 13, 1992 Date Application Filed December 23, 1992 Date of Decision May 25, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR92-417737;
Carmine Giuliano, Esq., Defense Counsel for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury petitioner was convicted of possession of narcotics with intent to sell in violation of General Statutes 53a-278(b); possession of narcotics in violation of General Statutes 21a-279(a) and conspiracy to distribute narcotics in violation of General Statutes CT Page 583121a-277(a) and 53a-48(a).
On the first count a sentence of fifteen years was imposed and on the third count a concurrent sentence of fifteen years was imposed. The total effective sentence was fifteen years (the second count was dismissed as a lesser included offense of the first count).
The evidence which resulted in petitioner's conviction indicated that on January 8, 1992, police officers, having received information that heroin was being sold from an apartment at 15 Alden Street, Hartford, officers placed the apartment under surveillance. While so doing, the police observed petitioner knock on the door to the apartment and a person named Falcon answered the door. Falcon was observed to give petitioner a quantity of U.S. currency bundled in rubber bands. After receiving the currency, petitioner removed plastic bags containing glassine bags from his trouser pocket and gave it to Falcon. At this time the officer's identified themselves whereupon both petitioner and Falcon fled. Falcon was apprehended and a quantity of cocaine was recovered from his trouser pockets together with seventy-five dollars in cash. The plastic bags containing glassine bags previously seen by the officers were recovered from the apartment and included seventy-five glassine bags with the trademark "La Tuna" containing cocaine, and seventy-two glassine bags stamped "Deadend" containing cocaine. The police officers later located petitioner at his apartment and knocked on the door identifying themselves. Petitioner attempted to flee out the back door of the apartment but was apprehended. In the process of fleeing it was observed that petitioner dropped an item which turned out to be ten-thousand dollars in cash.
Petitioner's attorney urged the reduction of the sentence imposed by one-third. Counsel claimed that his client was being punished for going to trial. He argued that the sentence was severe and excessive.
Speaking on his own behalf, petitioner also requested a reduction in sentence. Both petitioner and his attorney argued that the sentence should be reduced because petitioner was, in fact, innocent of the crimes for which he had been convicted. It was pointed out to petitioner and his attorney that this claim could not be considered by the CT Page 5832 division and that we were limited in our review by the provisions of Connecticut Practice Book 942. State v. Kohlfuss, 152 Conn. 625, 629 (1965).
The state's attorney argued against any reduction in sentence. He pointed out that the offense involved a substantial amount of heroin having a street value of three-thousand dollars, and a substantial amount of cash.
In imposing sentence the judge, who heard the evidence at trial, indicated that petitioner's explanation of how he acquired the cash strained credibility. The judge inferred from the evidence and the amount of cash that petitioner was a mid-level drug dealer.
Petitioner was convicted of trafficking in narcotics. A crime which inflicts great suffering on the people of this state. The legislature has provided significant prison terms for people convicted of this type of conduct. The sentence imposed here was well under the maximum which could have been imposed. Considering all of the circumstances here, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense the character of the offender and the need to protect the public and deter others from such conduct. This sentence should not be modified.
This sentence is affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.