[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 22, 1994 Date of Application August 1, 1994 Date Application Filed August 1, 1994 Date of Decision January 23, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR93-435339; CR93-77158; CR93-132161.
Christopher M. Cosgrove, Esq. Defense Counsel, for Petitioner.
Carl E. Taylor, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
CT Page 1287-P
After a plea of guilty, petitioner was convicted of the crime of murder in violation of General Statutes § 53a-54a(a) and two counts robbery in the first degree in violation of § 53a-134(a)(4). As a result of such conviction, a sentence of thirty-two years was imposed on the murder charge. On each of the robbery in the first degree charges, concurrent sentences of five years were imposed. The total effective sentence was thirty-two years.
The facts underlying petitioner's conviction indicate that he strangled the victim causing her death. Petitioner then placed the body, wrapped in a rug in the trunk of the victim's car, which was then abandoned in the city of Hartford. Several days later, the car caught fire and the body was discovered.
At the time petitioner confessed to the murder charge, he also informed the police that he had conducted armed robberies on two other separate occasions.
Petitioner's attorney pointed out that his client was twenty years of age at the time of sentencing and had been on medication at the time he made his confession. The attorney also stated that petitioner subsequently had been found to be not competent. Pleas of guilty to murder were entered under the theory of North Carolina v. Alford, 400 U.S. 25, 35-37
(1970) since petitioner denied that he intended to cause the death of the victim.
Petitioner's attorney indicated that petitioner received the maximum sentence available under the plea bargain and that this was excessive under the circumstances. He argued that the long sentence imposed was unnecessary for the protection of the public. He pointed out the details concerning the assault in which the victim was a two-hundred pound transsexual who had just taken a testosterone shot causing her to become aggressive. He argued that petitioner was not an aggressive person and would never be a threat to the public. CT Page 1287-Q He also pointed out that while petitioner was in jail awaiting sentence, he had been productive and assisted in the education of other prisoners.
The attorney informed the Division that petitioner was a bright young man with the ability to become a productive member of society. He was from a good family with no prior criminal record, and that under the circumstances the maximum sentence under the plea agreement was excessive.
Speaking on his own behalf, petitioner expressed remorse for the victim's death and the effect which this would have on his daughter. Petitioner also accepted responsibility for his actions in the matter while stressing that he did not intend to cause the death of the victim. Petitioner requested a reduction in sentence.
The legal function of the Sentence Review Division is to determine whether or not a particular sentence falls within a permissible range considering the offense and the circumstances. It is not the function of this Division to review issues of guilt or innocence. State v. Kohlfuss,152 Conn. 625 (1965). We must start from the point where petitioner has been convicted of the crime of murder. Intent to kill is an element of that crime. We proceed on the assumption that this element has been established by the court prior to the imposition of sentence.
Before imposing sentence here, the court considered, in great detail, all of the favorable factors brought out by petitioner and his attorney. The court also considered the seriousness of the murder charge in which the victim's life was taken. The court also stressed the importance of the armed robberies and that punishment for these offenses would also have to be considered in any sentence imposed. The court concluded that the minimum sentence available would not be appropriate considering all of the factors involved here.
Considering the seriousness of all of the offenses for which petitioner has been convicted, and in particular the murder charge in which the life of the victim was terminated, it cannot be found that the sentence was inappropriate or disproportionate in view of the scope of review mandated by Connecticut Practice Book § 942. CT Page 1287-R
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.