### Robert LIZOTTE

v.

### STATE of Maine et al.

Supreme Judicial Court of Maine.

Oct. 31, 1968.

George A. Wathen, Augusta, for plaintiff.

Warren E. Winslow, Jr., Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE, and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

Petitioner initiated a petition for post-conviction habeas corpus from the State Prison where he is serving a sentence for breaking, entering and larceny imposed after conviction by a jury in the Kennebec County Superior Court. Petitioner sought and obtained Court-appointed counsel who assisted him in the preparation of his amended petition and in the presentation of his claims in a hearing on the writ before a Single Justice. The Justice ordered the writ discharged. We find no error.

Petitioner attacks the validity of his trial, contending that he had been deprived of his rights in that, first, he had not been given sufficient time for preparation of his defense and, second, that he received inadequate representation at trial from his court-appointed counsel.

 Petitioner was an inmate in the Men's Correctional Center at the time of his indictment. He was brought to Court for arraignment early in February at which time he conferred with his court-appointed counsel. Counsel conferred with him again at the Center about the first of March, a week before trial, and petitioner gave him the names of three people who might be witnesses. Counsel was unable to find any trace of two of them. The third proposed witness, a young woman, will be discussed later. There was before the Single Justice no evidence that petitioner suffered in any way because of the promptness of his trial. The testimony does not show that these witnesses would be expected to be available at any other date or that their testimony would be expected to be advantageous to petitioner's cause. The granting of continuances is discretionary with the Presiding Justice. State v. Hume, 146 Me. 129, 78 A.2d 496 (1951). We cannot find a denial of due process from the facts presented by the record.

Petitioner's criticism of counsel was his claim that counsel did not advise him of

his right not to take the stand or that his criminal record could be exposed if he did so, and that counsel failed to call certain witnesses in his behalf. At trial petitioner had taken the stand against his counsel's advice and as a result his criminal record had been exposed.

Both petitioner and his former counsel testified as to these issues. The counsel described the conferences between the petitioner and himself at arraignment in February and before and during trial in March and disputed petitioner's assertions concerning the advice he had given petitioner prior to plaintiff's testimony. The attorney's testimony was in substance that the case had been adequately prepared and that he had fully advised his client concerning his right to testify or not and as to the possible effects of his testifying. The Single Justice who heard the conflicting testimony made no specific findings of fact but accepted the attorney's version of the disputed facts.

At petitioner's request, two of his fellow inmates were brought from the Center to be available as witnesses. Petitioner's attorney concluded that their testimony would be more disadvantageous than helpful to the defendant and he did not call them to the stand. The petitioner also asked his attorney to call as a witness a young woman friend. Counsel talked with this young woman by telephone and concluded from the conversation that she could be of no assistance to petitioner and he did not call her as a witness. The Single Justice on post-conviction review permitted petitioner to present for the record her affidavit stating what testimony she would have given if she had been called. The Single Justice found that her proposed testimony would have been inadmissible as hearsay and his conclusion was correct.

■ We have noted before that a trial counsel is faced with many decisions as to strategy which arise during trial. Bennett v. State, 161 Me. 489, 214 A.2d 667 (1965). The evaluation of the probable effect upon the jury of expected testimony of proposed witnesses, the conclusion as to whether their appearance can be expected to benefit or injure his client's cause and the decision whether or not to call them to testify must necessarily be matters for the trained professional judgment of the attorney. That has traditionally been the responsibility of the employed counsel. It is no less the responsibility of counsel who has been appointed by the Court at a plaintiff's request. Application of Atchley, 48 Cal.2d 408, 310 P.2d 15 (1957). (We recognize the exception that it is the defendant who must decide, with the benefit of his attorney's advice, whether he himself will be a witness.)

■ This responsibility is a heavy one. The Presiding Justice, mindful of the fact that he has chosen a particular attorney for the duty of conducting the prisoner's defense, must be particularly alert to any indication of neglect of duty or incompetence on counsel's part. This Court in the retrospect offered by post-conviction review must carefully study counsel's deprecated conduct of the trial. If this conduct—although well intentioned—"was of such poor caliber as to reduce the proceedings to a farce or a sham, as where the representation was so ineffective as to make the conviction a mockery or manifest miscarriage of justice", a petitioner is entitled to have the verdict against him set aside. Bennett v. State, supra, 161 Me. at page 499, 214 A.2d at page 674. However, it is not enough that counsel's strategy did not result in a verdict of not guilty. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958); Kienlen v. United States, 379 F.2d 20 (10th Cir.) (1967); United States ex rel. Feeley v. Ragen, 166 F.2d 976 (7th Cir.) (1948); People v. Reeves, 412 Ill. 555, 107 N.E.2d 861 (1952).

■ We have re-examined the transcript of the trial of which defendant now complains, which has already been before us in State v. Lizotte, Me., 230 A.2d 414 (1967). We find nothing in the transcript

and we found nothing in that same counsel's presentation of that appeal before us which suggests to us that there is merit in petitioner's claim of inadequate representation.

The Single Justice found that the evidence presented to him had not established any basis for his claim of inadequate representation. We do not consider his findings to be clearly erroneous. Rule 52 (a) M.R.C.P., Stone v. State, Me., 222 A.2d 153 (1966). The findings of the Justice were fully supported by credible evidence.

Appeal denied.

MARDEN, J., did not sit.