**Ernest McKAGUE (Employee)**

**v.**

**JOHN JAMESON TREE SERVICE and Zurich Insurance Co.**

Supreme Judicial Court of Maine.

Feb. 18, 1969.

Oscar Walker, Bangor, for plaintiff.

Julian G. Hubbard, Portland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

TAPLEY, Justice.

On appeal. This is an appeal from the pro forma ruling of a Justice of the Superior Court wherein he upheld the decision of the Industrial Accident Commission. The pro forma decree should be an adopted form of the Commissioner's decree. The pro forma decree in the instant case contains material not found in the original decree or the record.

The Commissioner decreed that the petitioner, Ernest L. McKague, was entitled to receive the sum of $1319.85 for permanent impairment. The appellants, John Jameson Tree Service and Zurich Insurance Co., complain in their points of appeal that they were deprived of their legal rights to be represented by their counsel at the hearing, which constituted a violation of due process of law. The record establishes these facts. The employee, Mr. McKague, on September 15, 1967, filed a petition for a lump sum settlement in the sum of $400. A hearing was had on this petition on November 7, 1967 and by decree dated November 21, 1967 the petition was dismissed. On November 17, 1967 the petitioner filed a petition for the determination of the extent of permanent impairment. The petition was assigned for hearing by the Commission on January 5, 1968. Counsel for the employer wrote to the Clerk of the Industrial Accident Commission on December 27, 1967 saying that he would not be present at the hearing on January 5, 1968 due to a delay in the mail of a medical report sent to Dr. Woodcock, employer's physician, who required the report to assist him in the examination of the employee. Counsel asked for a postponement of the hearing.

On January 5, 1968 the employee, his attorney and Dr. John McGinn who was to testify for the employee, were present but counsel for the employer was not. The Commissioner continued the hearing to February 6, 1968. In reference to the nonappearance of counsel for the employer at the February 6, 1968 hearing a portion of the Commissioner's decree contains a recital of what happened as to the nonappearance of counsel for the employer on January 5, 1968 and again on February 6, 1968.

"The Petition for Permanent Impairment was first assigned for hearing by the Commission on January 5, 1968, at Bangor, Maine. The employee and his attorney were present at said hearing as was Dr. John McGinn, an orthopedic surgeon of Bangor, Maine, who was present at the request of the employee to testify on his behalf. The attorney for the employer, Julian Hubbard, was not present although no continuance had been granted by the Commission. The commission, on its own motion, continued the case, and assigned the same for a hearing at 9:15 A.M. on February 6, 1968 at Bangor, Maine. The employee, his attorney, and Dr. John McGinn were all present. The attorney for the employer again failed to appear."

Counsel for employer argues that his secretary notified the Commission by telephone that he would not be able to attend the hearing on February 6, 1968 as he was confined to his home by reason of illness.

Bearing upon this question of notification by counsel of his inability to appear at the February 6, 1968 hearing, the record discloses the following: In his Designation of Contents of Record counsel, under Paragraph 8, designated:

"8. Any record made or received from the office of defense counsel on January 31, 1968 or February 1, 1968 at which time defense counsel's secretary advised the Commission by phone that defense counsel would not be able to attend the hearing on Feburary 6, 1968 due to being confined to home due to illness with influenza."

In his Statement of Points of Appeal, in Paragraph 2, he says:

"2. That prior to February 6, 1968 to wit on either January 31, 1968 or February 1, 1968 the Industrial Accident Commission was advised of the inability of defense counsel to be present at the

hearing due to illness and the said Industrial Accident Commission was given sufficient notice prior to the date of hearing by defense counsel's secretary."

There is no evidence in the record that counsel for the employer notified the Commission or a Clerk of the Commission that he could not appear at the February 6, 1968 hearing because of illness. The above cited portions from the Designation of Contents of Record and Points of Appeal are not evidence of the alleged facts that he notified the Commission and cannot be accepted as such.

"14. Hearings.

"a. All parties shall be prepared and ready for hearing when assigned.

"b. Continuance of a hearing on any Petition may be granted in the discretion of the Commission upon request of either party for justifiable cause."

Industrial Accident Commission Rules and Regulations.

It cannot be argued that counsel for the employer did not receive notice of the continued hearing to February 6, 1968 because he takes the position that he notified the Clerk of the Commission by telephone that he would not be there on that date because of illness. We have examined the record and find no evidence that counsel requested a continued hearing from January 5, 1968 to February 6, 1968 but, rather, the continuance was brought about on the Commissioner's own motion. Likewise, as previously stated, there is no *evidence* in the case to show that the Commissioner had knowledge of counsel's illness or that the Clerk for the Commission had been informed of it.

■ Under the circumstances of this case, as disclosed by the record, the Commissioner was within his rights to proceed with the hearing without counsel being present for the employer and we further find that the medical testimony presented to the Commissioner at the hearing was sufficient to warrant the finding that the employee was entitled to receive the total sum of $1319.85 for 15% permanent impairment to the usefulness of the right leg. The defendants suffered no prejudice nor were their rights violated by the Commissioner proceeding with the hearing without their counsel present.

The entry will be:

Appeal denied.

Ordered that an allowance of $350.00 to cover fees and expenses of counsel be paid by the employer to the employee.