**STATE of Maine**

**v.**

**Robert O. MOWER.**

Supreme Judicial Court of Maine.

July 8, 1969.

John L. Merrill, County Atty., and Elton A. Burky, Asst. County Atty., Skowhegan, for plaintiff.

James MacMichael, Skowhegan, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEATHERBEE, Justice.

Defendant was convicted of the offense of breaking and entering with intent to commit larceny in the Somerset County Superior Court and judgment was entered against him on September 30, 1968. At the time of his trial and sentence he was rep-. resented by employed counsel. He was sentenced to the Maine State Prison and committed in execution of the sentence. The ten day period provided by M.R. Crim.P., Rule 37(c) had not been extended and it expired October 10. On October 15, the Clerk of Courts received in the mail an undated notice of appeal from the judgment signed by the Defendant.

On November 22, a Justice of the Superior Court issued an order denying the appeal for want of timely filing.

The Defendant entered a notice of appeal from this denial and another Justice, after hearing, found Defendant to be indigent and appointed counsel to represent him in this appeal. The Justice stayed execution of Defendant's sentence on the judgment from which Defendant seeks to appeal and bail was set but Defendant was not at that time admitted to bail as he was still imprisoned as a parole violator serving a previously imposed sentence. He has since been released on bail.

The sole issue presented to us is the validity of Defendant's attempted appeal from the judgment of September 30. The procedure for appeal from a judgment of the Superior Court in a criminal matter is found in M.R.Crim.P., Rule 37, the presently applicable portions of which read:

"a) How Taken. Whenever a judgment of the Superior Court * * * is by law reviewable by the Law Court, such review shall be by appeal in accordance with these rules. * * * An appeal may be taken by filing a notice of appeal with the Clerk. * * *

"c) Time for Taking Appeal. An appeal may be taken within ten days after entry of the judgment * * * appealed from * * * Except when prohibited by statute, upon a showing of excusable neglect, the court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed for a period not to exceed 30 days from the expiration of the original time prescribed by this paragraph. * * *"

■ Defendant's notice of appeal was filed after the expiration of the ten day period. No extension of the time allowed for appeal was made and the thirty day period during which such an extension could have been made has also expired. M.R. Crim.P., Rule 45(b) specifically prohibits further extension of the time for filing appeals beyond the provisions of section 37(c). The limits prescribed by Rule 37(c) for appeals in criminal cases are jurisdictional. This Court is without authority to entertain an appeal which has not been timely filed. 15 M.R.S.A. § 2115; United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Glassman, Maine Practice, § 37.6.

■ It is also urged by Defendant that he was deprived of the right of appeal because his letter from the prison was delayed there by reason of insufficient postage before being mailed to the Clerk of Courts. Therefore, he argues, under the circumstances his appeal should be considered as having been filed. This contention, however, is presented for the first time in Defendant's Statement of Points on Appeal relating to the present, second appeal. No evidence has been offered relating to this issue and no factual determi-

nation has been made of it. Allegations contained in a Statement of Points on Appeal are not evidence of facts. McKague v. John Jameson Tree Service, Me., 250 A.2d 198 (1969).

■■ While Rule 37 places the responsibility for timely filing of a notice of appeal upon a Defendant, we recognize that if an agency of the State should frustrate a Defendant's timely efforts to comply with the rule, principles of justice might well require that the notice be considered to have been duly filed and an appellate review be granted. Williams v. United States, 8th Cir., 402 F.2d 548 (1968). Here we know only that an envelope was received in the office of the Clerk of Courts on October 15 containing 1) an undated notice of appeal 2) a covering letter bearing two dates, October 7 and October 8 (both before the expiration of the period for appeal) and 3) a letter from Defendant dated October 11 (after the expiration of the period for appeal). The significance of these dates is unexplained. If in fact a State agency deprived Defendant of his right to appeal, post conviction procedures are available for determination of the issue.

Defendant also contends that even if the appeal was not timely filed the Court's failure to notify the Defendant of his right to appeal and the requirement of filing prompt notice of appeal is a denial of his right to due process when the Defendant is represented by his personally selected counsel during the trial stage but is indigent for the purposes of appeal.

■ The pertinent language of Rule 37(c) reads:

"When a court after trial imposes sentence on a defendant *not represented by counsel, or represented by court appointed counsel,* the defendant shall be advised of his right to appeal, and, if he so requests, the court shall cause a notice of appeal to be prepared and filed on behalf of the defendant forthwith." (Emphasis added.)

The record demonstrates no failure of compliance with the rule. Defendant was represented at trial and sentence by counsel whom he had himself employed. There was no suggestion at the time of sentence that Defendant intended to appeal, that he was then indigent or that he would require the assistance of court appointed counsel in the future. In fact, in his letter to the Clerk of Courts dated November 19, 1968 Defendant said:

"This letter is in regards to the motion for a direct appeal which was filed in Somerset County Superior Court in Oct. 1968.

At that time I intended to pursue the appeal with my own counsel, but since then after exhausting every means to obtain the funds necessary, I find that I must petition the Court as a pauper-person to appoint counsel in order to further the appeal."

The Justice was not required to anticipate Defendant's subsequent indigency. Neither was he required to usurp the responsibilities of employed counsel by advising Defendant concerning his right of appeal. The distinction in the rule does not discriminate against the Defendant with employed counsel. While we expect the same degre of care and responsibility from appointed counsel as from employed attorneys Rule 37 recognizes that the Court having chosen counsel for a Defendant, shares a measure of this particular obligation with the appointed counsel. Lizotte v. State, Me., 247 A.2d 98 (1968). We find no denial of due process to the Defendant who employs counsel of his choice in the rules's requirement that additional caution should be exercised in the case of the Defendant with court appointed counsel.

Furthermore, following the imposition of sentence, the Presiding Justice explained to the Defendant his reason for the sentence he had given and added, concerning appeal:

"Now the Clerk will give you a slip and your attorney will explain it to you, but

it gives you a right of appeal from the sentence itself *beyond your ordinary right of appeal.* Mr. Brody can counsel you. The Clerk will give you the form. This sentence, the appeal from sentence, is to another body of 3 judges of the Supreme Judicial Court. They will determine whether the sentence is a fair one under the circumstances; but, Mr. Brody, I think you understand that the sentence can be affirmed, may be reduced, or it may be increased. That's all. Incidentally, *if you consider appeal,* bail here would be $7500.00, and I would have to stay the execution of the sentence pending the appeal, but I think I may caution you to discuss the matter with the parole officer to see what happens." (Emphasis added.)

It appears to us that the Justice's explanation to the Defendant was advice of the right to appeal from the judgment adequate for a man who had Defendant's extensive experience in criminal convictions.

In any event, the record is completely bare of any allegation or evidence that Defendant was not in fact fully aware of his appeal rights, that his counsel did not in fact fully advise him concerning appeal or that he was in any way prejudiced or deprived of a constitutional right by any incompleteness of the Justice's explanation.

Since argument was had in this case the United States Supreme Court decided Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (Decision June 2, 1969). In *Rodriguez* the Court found that the District Court judge erroneously failed to advise the Petitioner of his right to appeal and ordered the case remanded for resentence so that Petitioner would have opportunity to make his appeal. The distinguishable facts of *Rodriguez* emphasize the correctness of the procedure of the Justice who sentenced Mower. Rodriguez—like Mower—was represented by retained counsel at trial and sentence. Immediately after sentence his attorney attempted to make a motion requesting leave for the Petitioner to proceed *in forma pauperis,* but the trial judge adjourned court without permitting this. At the time of trial Federal Rule 37(a) (2) required the judge to advise only unrepresented Defendants of their right to appeal. The Supreme Court held that the attorney's attempt to obtain leave for Petitioner to proceed *in forma pauperis* should have put the trial judge on notice that Petitioner contemplated an appeal, that he would be unrepresented in the future and that he was entitled to the judge's explanation of his appeal rights. The Court held that his failure to receive it effectively deprived him of his right to appeal. In the present case there was no indication at sentencing that indigency was imminent. In fact, it is apparent that it was not imminent.

Appeal denied. Defendant ordered recommitted to the Maine State Prison to complete the service of the sentence imposed upon him on September 30, 1968.