**Richard L. HARDY, Petitioner,**

v.

**STATE of Maine and Allan L. Robbins, Warden, Respondents.**

Supreme Judicial Court of Maine.

June 8, 1971.

George W. Perkins, Skowhegan, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

WERNICK, Justice.

This appeal by an inmate of the Maine State Prison brings before us for review the judgment of a single Justice of the Supreme Judicial Court, sitting in the Superior Court, which denied the post-conviction habeas corpus relief (14 M.R.S.A. § 5508) sought by the petitioner, Richard L. Hardy.

Petitioner had been indicted for the crime of "rape" (17 M.R.S.A. § 3151) upon a female alleged to have attained her fourteenth birthday. He pleaded "not guilty" and was tried before a jury in Somerset County on September 16 and 17, 1968. All

of the evidence introduced at the trial was presented by the State, and petitioner refrained from testifying in his own behalf. The jury returned a verdict that petitioner was guilty of the crime of "rape" charged against him. Petitioner was sentenced to a term of 7½ to 15 years in the Maine State Prison and is now serving his sentence.

The post-conviction petition was filed, originally, pro se. Petitioner, being indigent, was afforded representation by court-appointed counsel who moved to amend the petition. Amendment was allowed and, as amended, the petition alleges as grounds for post-conviction relief the following:

(1) Insufficiency of the indictment to charge the crime of "rape" upon a female who had attained her fourteenth birthday in that the indictment failed to allege that "carnal knowledge was accomplished by force and without consent of the complainant".[1]

(2) Denial of petitioner's constitutional right to a fair trial in that the attorney representing him at the trial (a) "failed to offer certain evidence in his possession that would have established the fact that the Complainant and the Petitioner had an intimate relationship prior to the act alleged in the indictment"; and (b) "failed to allow the Petitioner to testify in his own behalf and * * * otherwise adequately advise him of his rights in this regard"; and (c) "allowed into evidence without objection damaging testimony supposedly corroborating the Complainant's testimony * * * [when] timely objection to this evidence would have prevailed."

At the hearing before the single Justice counsel for the petitioner expressly waived, in the presence of the petitioner, reliance upon the inadequacy of the indictment. Counsel had concluded, as was manifestly correct, that the indictment had adequately

alleged that "carnal knowledge was accomplished by force and without consent of the complainant."

In his brief to this Court, and in oral argument before us, attorney for petitioner expressly waived the contention that trial counsel had allowed, even though timely objection could have prevented, the admission of evidence corroborative of testimony of complainant. The attorney has stated as the reason that the transcript of evidence in the original trial fails to sustain this allegation. Our reading of the transcript confirms this conclusion.

We proceed to consider the first of the two remaining issues—that trial counsel, allegedly having "in his possession" evidence of prior intimacy between petitioner and the complainant, failed to introduce it in the case and thus deprived petitioner of the benefit that the jury might have concluded that complainant had consented to sexual intercourse with the petitioner on the occasion specified in the indictment.

On this issue the single Justice found as fact that it was untrue that trial counsel had this evidence "in his possession". Specifically, the single Justice determined "I find that the attorney was not * * * informed" that petitioner "had had sexual relations with the girl before the act in question". In arriving at this conclusion, the single Justice had evaluated the petitioner's "present 'belief' that he told his attorney" against "the attorney's flat statement that he was not so informed". The single Justice believed the denial of the attorney. It should be further observed that the transcript of the proceeding before the single Justice reveals uncertainty and lack of recollection by the petitioner on this point. For example, the following questions and answers are illustrative:

"Q Now, what evidence do you claim that your attorney had in his pos-

---

1. This contention was asserted in the habeas corpus petition in spite of the explicit allegation of the indictment that "Richard L. Hardy on * * * a female

* * * feloniously did make an assault, and her, * * * then and there, by force and against her will, feloniously did ravish and carnally know."

session that would have been help-ful to you that he did not present?

"A Well for one—

"THE COURT: Please keep your voice up, Mr. Hardy.

"A For one that I told him that,—I be-lieve I told him—I am not positive, I almost believe I told him that I had relations with her before and that he didn't present it. I believe that would be the way.

"Q And was, to the best of your knowl-edge was this evidence available to your attorney at the time of trial?

"A I believe I have told him about it.

"Q You believe.

"A I cannot be sure because it has been over a year now and it is pretty hard to remember, but I think I told him.

"Q But at this point you do not recall whether you told your attorney or not?

"A No, I don't. I don't recall."

■ It is the burden of petitioner in this proceeding to show that the finding of fact by the single Justice, that trial counsel lacked knowledge of alleged prior intima-cy between petitioner and the complainant, was clearly erroneous. Stone v. State, Me., 222 A.2d 153 (1966); Gordon v. State, Me., 232 A.2d 527 (1967). Petition-er has failed to meet this burden. Indeed, the evidence tends strongly to prove that the finding of the single Justice is the only reasonable conclusion.

The finding of the single Justice is con-trollingly dispositive of the present issue. In light of the finding it is immaterial whether the theory of defense at the trial had been confined to a denial of the act of sexual intercourse with the complainant or was sufficiently broad to leave open an al-ternative approach that if sexual inter-course had occurred, it was with the con-sent of the complainant. Even had it been true that petitioner had previously been in-timate with complainant, trial counsel was unable to introduce as evidence (by cross-examination or otherwise) incidents of which he lacked knowledge. Furthermore, nothing appears in the evidence to suggest that, petitioner having failed to inform him, trial counsel had other reason to be-lieve that such prior intimacy had oc-curred. In this respect the claim of peti-tioner must be held without merit.

■ Petitioner's last complaint is that he was denied a fair trial in that his trial attorney "failed" to "allow" petitioner to testify in his own behalf and "otherwise advise him of his rights in this regard". On this point the single Justice found that trial counsel had advised petitioner against taking the stand in his own behalf since petitioner had a criminal record and was unable, because of extensive use of intoxi-cating liquor, to recall the events of the night at issue. Further commenting, the single Justice said:

"Had the accused taken the stand, re-peated his statement of lack of memory which he gave the investigating officer, —which presumably was true, and had his previous criminal record disclosed, he might well have had more violent com-plaint about his attorney's conduct than he now has. Counsel's advice was a judgment decision founded on recognized trial tactics, for which, upon other re-sults, petitioner would have commended him."

■ The record amply supports the findings of the single Justice. Further-more, trial counsel's advice to his client, because it was an aspect of trial strategy, lay within an area in which "much discre-tion must be permitted counsel." Bennett v. State et al., 161 Me. 489, 501, 214 A.2d 667, 674 (1965). It is to be emphasized that this statement of principle fails to im-port a conclusion that trial counsel in the present case had in fact committed any er-ror by advising petitioner as he did. Rath-

er, we intend to reaffirm as public policy that the adversary process which underlies our system of administering criminal justice functions more efficiently and with greater protection of the rights of an accused when trial counsel is free to make decisions on trial tactics and strategy without fear that his competency, or the adequacy or fairness of his representation of his client, will be made to depend upon the ingenious afterthoughts which can be invented "in the mind of a dissatisfied prisoner who looks for a scapegoat after the legal battle has been lost"; and when it is manifest that an exercise of discretion, even if capable of being held erroneous, is shown to be *without sufficient substance to constitute " * * * legal representation * * * of such low calibre as to amount to no representation. * * *"* Bennett v. State, supra, at p. 501, 214 A.2d at p. 675.

The decision of the single Justice denying post-conviction relief to petitioner was correct.

The entry is:

Appeal denied.

MARDEN, J., did not sit.