**STATE of Maine**

v.

**Lloyd A. BURNHAM.**

Supreme Judicial Court of Maine.

Nov. 6, 1972.

———◆———

Foahd J. Saliem, County Atty., Augusta, for plaintiff.

Jolovitz & Niehoff, by Warren M. Poulin, Waterville, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The Defendant was convicted of larceny from the person following a jury trial. He appealed this conviction. He was found to be indigent and counsel was appointed to represent him on appeal.

The appeal is denied.

The evidence at trial disclosed that in the early evening of February 4, 1971 in Waterville a young woman was walking on Pleasant Street. As she passed under a street light she noticed a young man walking toward her. The young man seized her handbag and ran away. At this point, another young man who was nearby started running in the same direction. A witness to the incident who was driving by followed one of these young men and saw him get into a waiting automobile which then sped away. The witness attempted to overtake the car but after following it for a mile, gave up the chase. A few minutes later he went to the police station where he reported what he had observed to the police and the victim, giving, among other things, a description of the car and its license number. As the victim was leaving the police station, after having reported the incident, she looked across the street and saw a car of the same description parked opposite. She ran over to the car and checked the license number which matched that of the car which the witness had followed. When the occupants of the car observed her, the car was started and driven away at a high rate of speed.

At 9:45 that evening at Corinna a police officer observed the Defendant alone in this automobile.

About a week later, the victim was called to the police station where she examined twelve or fifteen photographs bearing no identifying markings. She made a positive identification of a photo of the Defendant as being that of the thief. Later, in Court, she identified the Defendant in person.

The fairness of the identification procedure was not questioned by the Defendant.

At the end of the State's case the Defendant's trial counsel informed the Court that the defense had subpoenaed one C. M. but that he had not responded to the subpoena. The State Police officer had testified earlier on cross-examination that C. M. had told him the night before that he had been subpoenaed but that he did not want to come to Court.

The only witness for the defense was a young man who testified that he and the Defendant and two other young men were driving around Waterville that night in Defendant's car. One of the young men was C. M. The Defendant was driving. The witness said that C. M. and the fourth young man left the car at one point for a few minutes for an undisclosed reason. He said he and the Defendant waited and soon the fourth young man returned alone, running, and jumped into the car saying, "Let's go." The witness agreed that they had then driven away at high speed finally losing the car which was following them.

After the defense witness had testified, Defendant's trial counsel told the Court that he would like to take the noon recess at that time to see if he could find C. M. He told the Court "If I cannot, I will rest." When Court reconvened that afternoon, the defense rested.

The Defendant's claim of error consists of his contention that he was denied the right of effective assistance of counsel because, he says:

1) His trial counsel failed to cause a proper service of the subpoena on C. M. by allowing the Defendant himself to serve the subpoena contrary to the requirements of M.R.Crim.P., Rule 17(d).[1]

2) When C. M. failed to appear in answer to the subpoena his employed trial attorney did not request a continuance from the Court, depriving the Defendant of the constitutional right of fair trial.[2]

3) The decision to proceed with trial without the testimony of the absent witness was a unilateral decision made by counsel without the Defendant's participation.[3]

1. M.R.Crim.P., Rule 17(d) reads:
"(d) Service. A subpoena may be served by the sheriff, by his deputy, by a constable or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena shall be made by delivering a copy thereof to the person named and, except in the case of a person subpoenaed on behalf of the State or a person subpoenaed on behalf of an indigent defendant pursuant to Rule 17(b), by tendering to him the fee for one day's attendance and mileage allowed by law."
The record leaves it uncertain as to who actually served the subpoena on C. M.

2. "We have noted before that a trial counsel is faced with many decisions as to strategy which arise during trial. Bennett v. State, 161 Me. 489, 214 A.2d 667 (1965). The evaluation of the probable effect upon the jury of expected testimony of proposed witnesses, the conclusion as to whether their appearance can be expected to benefit or injure his client's cause and the decision whether or not to call them to testify must necessarily be matters for the trained professional judgment of the attorney. That has traditionally been the responsibility of the employed counsel. It is no less the responsibility of counsel who has been appointed by the Court at a plaintiff's request. . . . " Lizotte v. State, Me., 247 A.2d 98, 100 (1968). See also Hardy v. State, Me., 278 A.2d 129 (1971).
The record does not disclose any offer of proof that the absence of C. M.'s testimony was in fact prejudicial to the Defendant.

3. Nothing in the record discloses whether the decision to continue without the testimony of C. M. was made unilaterally by the attorney or whether the Defendant participated in the decision.

4) The Defendant was not given an opportunity to address the Court and to complain regarding his counsel's inadequacy.[4]

The issues of inadequacy of counsel representation were not raised, tried or decided in the Court below and are suggested for the first time on appeal. We pointed out in State v. Pullen, Me., 266 A.2d 222 (1970) that incompetency of counsel may be considered on direct appeal only if it clearly appears from the face of the record that it amounted to a denial of constitutional right to adequate counsel representation resulting in a failure of due process and a deprivation of a fair trial.

The record does not disclose such a denial of constitutional rights.

Appeal denied.

All Justices concurring.

4. The record discloses that the Court addressed the Defendant prior to sentence and asked him if he wished to say anything before sentence was imposed. The Defendant answered that he did not.