### Lester L. CRANDALL

### v.

### STATE of Maine.

Supreme Judicial Court of Maine.

Nov. 17, 1972.

Gaston M. Dumais, Lewiston, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is an appeal from the dismissal of the appellant's petition for relief instituted pursuant to 14 M.R.S.A. § 5502 (post-conviction habeas corpus).

The appellant was indicted for a violation of 17 M.R.S.A. § 1601 (cheating by false pretenses) and, following a jury trial, was convicted. The petitioner retained counsel at the time of his original arrest on the charge some four months prior to trial, and the attorney so retained represented him throughout the bind-over process in the District Court and the jury trial in the Superior Court. He was sentenced to the Men's Correctional Center. No appeal was taken from this conviction.

Subsequently the petitioner was transferred administratively to the Maine State Prison and, while so imprisoned, filed the petition which is before us. The Justice assigned to hear the petition determined that the appellant was then indigent and appointed counsel to represent him. Following a full evidentiary hearing, the Justice ordered the petition dismissed, from which order this appeal was taken.

The appellant's original petition for post-conviction relief was ultimately amended and the hearing before the single Justice was on the amended petition. In summary, the amended petition alleged illegality in the transfer to the Maine State Prison because of an improper spelling of appellant's name in the instrument of transfer; the failure of the trial Justice and defense counsel to notify the appellant of his right to appeal from the conviction and from the sentence imposed; inadequate time to prepare the defense and procure witnesses in support thereof; incompetency of defense counsel; improper conduct by one of the jurors; the failure of the trial Justice to direct a verdict of not guilty; and, finally, that the appellant was not allowed to offer certain testimony which might have supported his defense of alibi. The second and third counts of petition simply repostured the claims which we have summarized in different language.

■ The Justice below ruled that the misspelling of appellant's name (Crandall being spelled Crandell) was not a basis for post-conviction relief. In fact, the appellant did not argue this point before us; rather, he sought to argue that the transfer for reasons of incorrigibility was unconstitutionally accomplished. This point was not raised in the petition nor was there any evidence offered in support thereof at the hearing below. Since the issue was not presented to the single Justice, it will not be entertained by the Law Court for the first time on appeal, there being no exceptional circumstances suggested to justify this procedure. Lumsden v. State, 267 A.2d 649 (Me.1970).

The Justice below likewise ruled that the failure to notify the appellant of the right to appeal from either the conviction or sentence presented no ground for post-conviction relief. There was no error in this ruling.

■ It is only when a felon is sentenced to the Maine State Prison that the Court is required to notify him of his right to appeal to the appellate division of the Supreme Judicial Court for the purpose of having his sentence reviewed.[1] The appellant was sentenced to the Men's Correctional Center.

The appellant, at the trial level, was represented by retained counsel and under the holding in State v. Mower, 254 A.2d 604 (Me.1969), the notification by the trial Justice of the general right to appeal is not mandated.

■ The Justice below found that the appellant had failed to introduce any credible evidence to support his allegations that his retained counsel had failed to inform him of his right to appeal, that inadequate time was allowed to prepare for the trial, and that retained counsel was incompetent. The Justice below used this language:

> "More specifically I find that petitioner was well and competently represented by his employed counsel both in preparation and trial of the original case and his present attack upon the competency of counsel is a mere pretense to seek to avoid the unpleasant consequences of conviction. I further find that petitioner was aware of his *right* to appeal and that the sole reason why an appeal was not seasonably taken was that no legal *grounds* for an effective appeal on questions of law were apparent."

This finding by the Justice below is fully supported by the record before us.

■■ Without specificity the other allegations in the petition were found to be "without merit" and the record supports this conclusion, whether it be that the Justice below meant without *legal* or *factual* merit. For example, the improper conduct of a juror, if established factually, may result in a mistrial, or, at the least, support a

---

motion therefor. The propriety of the denial of such a motion is reviewable on appeal and is, therefore, not reviewable on a petition for a writ of habeas corpus. Friedberg v. United States, 69 F.2d 170 (5th Cir. 1934).

■ The only other issue to be decided was raised by the appellant's seventh point of appeal, namely:

"7. The Court erred in *not* making a finding on appellant's allegations as set out in his habeas corpus petition and enumerated as 5(f)(g) and (h) and (i)."

It is true that the Justice below did not make specific findings on these points and we hold that this was not error. However, we feel it appropriate to include our reasons for so holding. M.R.Crim.P., Rule 35(b), provides:

"(b) Post-Conviction Relief.

.    .    .    .    .    .

(5) Nature of Proceeding. A proceeding under this subdivision (b) is a civil proceeding. In respects not covered by statute, these rules, together with the Maine Rules of Civil Procedure where applicable, shall govern the practice in these proceedings. The admissibility of evidence and the burden of proof shall be governed by the standards applicable in civil proceedings."

Neither the enabling legislation nor the Rules of Criminal Procedure places any burden upon the justice presiding at a hearing for post-conviction relief to make specific findings. 14 M.R.S.A. § 5505 provides:

"Such justice shall make such order after consideration of the petition or after

hearing as he deems appropriate to his findings in the case, including, but not limited to, the release of the petitioner, corrections in error of law appearing on the face of the record, resentencing, or remanding for resentencing if an erroneous or illegal sentence be found to have been entered, setting aside the plea, conviction and sentence. The order or judgment making final disposition of the petition or writ shall constitute a final judgment for the purpose of review. .    .    ."

It is thus apparent that a person desiring special findings must utilize M.R.C.P., Rule 52(a), which provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall, upon the request of a party made as a motion within 5 days after notice of the decision, or may upon its own motion, find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall on such request similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. .    .    ." [2]

Unlike its federal counterpart, Fed.R. Civ.P. 52(a),[3] Rule 52(a) is permissive and not mandatory. A justice becomes obligated to make special factual findings only when requested to do so by motion seasonably filed. Such a motion was never filed by the appellant. It is, therefore, obvious that the point of appeal asserting error in the failure to make these findings sua

---

2. Note the similarity in procedure when a criminal case is tried without a jury:
   "(c) Trial Without a Jury. In a case tried without a jury the court shall make a general finding and shall in addition *on request* find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the find-
ings of fact appear therein." (Emphasis added.) M.R.Crim.P., Rule 23(c).

3. "In all actions tried upon the facts without a jury .    .    . the court *shall* find the facts specially and state separately its conclusions of law thereon, and direct the entry of the appropriate judgment .    .    .    ." (Emphasis added.)

sponte by the single Justice is without foundation.

The entry is:

Appeal dismissed.

WEBBER, J., did not sit.

All Justices concurring.