**STATE of Maine**

v.

**Harris L. BREWER.**

Supreme Judicial Court of Maine.

Sept. 9, 1974.

Michael N. Westcott, County Atty., Wiscasset, for plaintiff.

Fitzgerald, Donovan, & Conley, P. A. by Daniel R. Donovan, Bath, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

Indicted on April 5, 1973 for having taken "indecent liberties upon the sexual parts and organs" of his nine year old daughter (in violation of 17 M.R.S.A. § 1951), defendant in July of 1973 was tried before a jury in the Superior Court (Lincoln County) and found guilty as charged. Defendant has appealed from the judgment of conviction.

Defendant assigns two points on appeal: (1) reversal is required because the presiding Justice erred in concluding that defendant's nine-year old daughter was competent as a witness and (2) in any event, the totality of the evidence is legally insufficient to support the verdict of the jury.

We deny the appeal.

### 1. The daughter's competency as a witness.

Defendant claims that his nine year old child should have been adjudged incompetent as a witness because the preliminary examination of the child by the presiding Justice (in the absence of the jury) made clear that: (1) when the child was asked directly: "Do you know the meaning of an oath when you take one", she answered: "No"; and (2) the child answered various other questions of the presiding Justice concerning whether she understood the significance of taking an oath, or "swearing to tell the truth", by "shaking her head in the negative", thus manifesting lack of understanding.

Defendant maintains that since his daughter lacked the specific awareness that in taking an oath she thereby accepts a special obligation to tell the truth, she should have been declared incompetent to be a witness.

■ Defendant's contention is unsound. Although defendant purports to be following the criteria of witness competency enunciated in State v. Ranger, 149 Me. 52, 98 A.2d 652 (1953), he really constricts them. Defendant asserts that it is a necessary condition of the testimonial competency of a young child that the child have

". . . capacity to understand, in some measure, the obligation of an oath; . . . ." (p. 56, 98 A.2d p. 654)

Ranger, however, holds this to be sufficient but not indispensable. Under Ranger it is alternatively and independently sufficient that the child have

". . . capacity . . . to realize that it is wrong to falsify, and that if [s]he does tell an untruth that [s]he is likely to be punished." (p. 56, 98 A.2d p. 654)

It is here beyond dispute, since defendant concedes the point, that defendant's daughter understood the difference between telling the truth and telling a lie and fully realized that if she told a lie, she would be punished. Her answers to questions revealed that she was

"able to receive accurate impressions of facts, and . . . to relate truly the impressions received." State v. Ranger, supra, at p. 56, 98 A.2d at p. 654

The presiding Justice, therefore, committed no abuse of "judicial discretion" (State v. Ranger, supra, at p. 56, 98 A.2d 652) in adjudicating defendant's nine-year old daughter to be competent as a witness.

### 2. The legal sufficiency of the evidence.

■ The question of the adequacy of the evidence to support the verdict of the jury was properly preserved for appellate cognizance when the presiding Justice denied defendant's motion for judgment of acquittal filed after the jury had returned its verdict. (Rule 29(b) M.R.Crim.P.)

We conclude that the verdict was supported by evidence legally sufficient to establish defendant's guilt.

While we recognize that in cases of the type now before us unique factors are usually involved which prevent any single case from serving as a precedent for any other, our decisions have extracted from common human experience two principles affording generalized guidance. First:

"We entertain no illusions that children are incapable of falsehood and we recognize their susceptibility to suggestion. We are mindful of the ease with which a false charge can be brought against an innocent man and of the difficulties of defending against such a charge." State v. Miller, Me., 252 A.2d 321, 325 (1969)

Simultaneously, however, second:

"We also recognize that such offenses [as the one here charged] are seldom committed in the presence of witnesses and that reliance upon the testimony of a child, uncorroborated or with only small corroboration, is frequently necessary in

cases involving little children." State v. Miller, supra, at p. 325

 We have scrupulously examined the testimony of defendant's nine-year old daughter to ascertain whether there is merit in defendant's contention that her story is intrinsically beyond possibility of belief by rational persons. We deem it sufficient to say, without need to recapitulate and thus perpetuate in print the sordid details, that the testimony given by defendant's daughter—although it reveals that the child had some difficulty in describing the exact sequence and details of events occurring some six months earlier and, in particular, the precise manner in which defendant had engaged in the alleged acts of touching—was fundamentally worthy of being given credence by rational jurors acting reasonably. It is appropriate to state here, as we said in State v. Miller, supra:

"Although the exposure of discrepancies in a prosecutrix' testimony sometimes may be the only method by which a defendant can demonstrate the falsity of an accusation, some discrepancies in the testimony of a child may be expected when nearly a year has elapsed between incident and trial. . . . The likelihood of imperfect communication between a child and an adult questioner is a factor which must also be taken into account, as must be the significance of the particular language used." (p. 326)

 In light of other evidence which provided some corroboration of the child's testimony, defendant's testimony in his own behalf flatly denying his daughter's accusations presented the jury with a genuine issue of credibility which it was the exclusive prerogative of the jury to resolve. Once the jury settled the credibility issue, obviously by disbelieving the defendant and accepting the substance of his daughter's story, the evidence was plainly sufficient to qualify as proof beyond a reasonable doubt that defendant was guilty as charged. We find no warrant for setting aside the verdict of the jury.

The entry is:

Appeal denied.

All Justices concurring.

DELAHANTY, J., did not sit.