STATE of Maine

v.

Glenn REED.

Supreme Judicial Court of Maine.

Nov. 10, 1975.

Frank F. Harding, Dist. Atty., Rockland, Charles K. Leadbetter, Asst. Atty. Gen., Augusta, for plaintiff.

Grossman, Faber & Miller P.A. by Edward B. Miller, Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

■ Charged with having committed the crime of breaking, entering and larceny, defendant Glenn L. Reed was tried, jury-waived, by a Justice presiding in the Superior Court (Knox County). The Justice found defendant guilty as charged. In his appeal from the judgment of conviction defendant asserts that the evidence was legally insufficient.[1]

We deny the appeal.

The presiding Justice was warranted in finding the following facts.

Prior to June 11, 1974, defendant had been employed by Donald Crudell, manager of the Oasis Hotel in Rockland, Maine. Defendant had occupied a room on the second floor of the hotel and had done some foundation and carpentry work in the hotel basement.

For approximately three hours in the early evening of June 10, 1974 defendant was in the lounge of the hotel and was drinking. He then drove to a party in the Town of Cushing at which defendant heard joking that it would be easy to break into the Oasis Hotel. When defendant left the party, he returned to Rockland.

At 1:05 a. m. on June 11, 1974, Carrie Onley, the bartender of the Oasis Hotel, secured the front door of the lounge and checked Mr. Crudell's office to ensure that the light was on, the combination window closed and locked and the shade drawn. She then left the premises.

Shortly thereafter, Officer Louis Lewis of the Rockland Police Department received a telephone call from an unidentified source which induced him to undertake an investigation at the Oasis Hotel. He parked within view of the hotel and observed defendant standing next to a green pickup truck situated in an adjacent parking lot. At approximately 2:00 a. m., defendant walked across the street to a driveway next to the Oasis, entered his own blue pickup truck which was parked there and drove away. Officer Lewis attempted to "tail" defendant but was foiled when defendant made a U-turn a few blocks away.

Lewis returned to the Oasis Hotel area and parked in a nearby lot from which he could watch the hotel. At approximately 2:15 a. m. another Rockland police officer, Bertram Snow, found Lewis and, together, they undertook surveillance of the hotel. While Lewis remained at his parking lot vantage point, Snow approached the hotel building. When he entered the alley next to Mr. Crudell's office, Snow observed that the window was open, the light on and the shade flapping in the breeze. The officers continued their watch for an additional hour during which they saw defendant's truck pass by the Oasis at least twice.

Ultimately, the officers terminated their stake-out and began investigating inside the hotel building. As they were entering the hotel through the open office window, the officers observed tire tracks in the grass and dirt between the gravel alleyway and the building. They proceeded from the hotel office through various rooms and down the cellar stairs. Along the route, they observed two doors with broken latches and in the cellar discovered that a window formerly secured by two nails had been forced open.

At this time, Mr. Crudell came to the hotel and examined the office area. He found missing one case of beer (from

1. Defendant moved for judgment of acquittal after the presiding Justice had found him guilty as charged. This adequately preserves for appellate cognizance the issue of the suf-ficiency of the evidence to support the conviction. Rule 29(b) M.R.Crim.P.; *State v. Brewer*, Me., 325 A.2d 26, 27 (1974).

among several stacks of cases stored there) as well as several cartons of cigarettes.

Suspecting that defendant had committed the burglary, Officer Snow left the hotel to search for him. He found defendant, at approximately 5:00 a.m., on the Poor House Farm Road in Rockland. Defendant was asleep in the cab of his parked truck with the doors locked and the windows tightly closed. Officer Snow awakened defendant and informed him that Officer Lewis wanted to question him at the Rockland Police Station.

Defendant drove his truck to the police station and, upon request, at about 5:45 a.m., defendant went into an interrogation room. Duly advised of his *Miranda* rights, defendant stated that he was willing to talk. He also consented to a police search of the blue pickup truck.

This search was undertaken immediately and produced the 26 cartons of cigarettes stolen from Mr. Crudell's office.[2] In the open rear cargo portion of the truck the police found part of a case of Budweiser beer.

In talking with the police, defendant denied participation in the crime but offered no explanation of the presence of the stolen goods in his truck.

Defendant's position on appeal is that the evidence was insufficient to identify him as the perpetrator of the crime. He supports this contention by focusing on four particular aspects of the evidence: (1) after being awakened in his pickup truck by Officer Snow, defendant unhesitatingly cooperated with the police, submitting to questioning and allowing a search of his vehicle; (2) although the cellar window of the hotel had cement dust on it, defendant had none on his clothing at the time of his apprehension; (3) no one saw defendant break into the Oasis Hotel; and (4) the tire tracks by the office window

were never shown to have been made by defendant's truck.

That defendant cooperated with the police is not sufficient by itself to settle, as a matter of law, that defendant was not the culprit. It is only one factual circumstance to be given such weight as the fact-finder deems reasonably appropriate in his evaluation of all the circumstances.

Likewise, the lack of cement dust on defendant's clothing at the time of his apprehension (approximately four hours after the crime occurred) is not a circumstance sufficient by itself to require, as a matter of law, that defendant be acquitted. There was evidence that the cellar window was not heavily coated with the dust which covered the basement floor. Also, there was testimony indicating that defendant changed his clothes sometime during the four-hour period between the time of the crime and his discovery by Officer Snow. While there was other evidence tending to contradict this testimony, such conflicts are for the trier of the facts to resolve.

That no eyewitness observed defendant committing the crime avails him nothing since defendant may properly be convicted by circumstantial evidence adequate to convince the fact-finder beyond a reasonable doubt of defendant's guilt.

Finally, although we agree that the tire tracks observed next to the hotel office were never conclusively established as being those of defendant's truck, we find this of no consequence since the totality of the evidence adduced by the State substantiates the decision of the presiding Justice finding defendant guilty as charged.

The testimony showed without contradiction that goods stolen from the Oasis Hotel were found in the exclusive possession of defendant within four hours after the approximate time of the theft. The trier

---

2. Mr. Crudell was able to identify the cartons on the basis of certain papers he had stored with them which were also found in defend- ant's truck behind the driver's seat of the cab.

of fact was entitled to infer from such circumstances, as he found them convincing beyond a reasonable doubt, that the person in possession of the goods committed the theft. *State v. Poulin,* Me., 277 A.2d 493, 500 (1971). The inference of defendant's guilt of larceny which could properly be drawn from defendant's exclusive possession of recently stolen goods is buttressed by other evidence pointing to defendant as the thief. Defendant lived at the Oasis Hotel, frequented the bar there and had performed carpentry work in the very area where the thief had entered. Defendant was thus familiar with the scene of the larceny. Officer Lewis observed defendant in the vicinity of the hotel shortly after the theft occurred and was eluded by defendant when he attempted to follow him. In his own testimony at trial defendant admitted hearing a joke at the party in Cushing as to the ease with which the Oasis could be burglarized. Having decided to talk to the police and testify in his own behalf, defendant failed to offer an explanation of the presence in his vehicle of the stolen goods.

The totality of the evidence thus supports the conclusion of the presiding Justice that defendant had committed larceny at the Oasis Hotel.

■ There remains the question whether the evidence is sufficient to establish that defendant was the perpetrator of a breaking and entering in connection with the larceny. That a person has particular goods in his exclusive possession can authorize an inference that he has stolen those goods only if independent evidence is adduced sufficient to justify a conclusion beyond a reasonable doubt that the goods were in fact recently stolen. *State v. Eldridge,* Me., 334 A.2d 862 (1975). By the same rationale, a defendant's being found in exclusive possession of goods indepen-

dently shown to have been recently stolen can justify an inference that it was defendant who committed a break and entry in connection with which the larceny occurred only if there is independent evidence sufficient to prove beyond a reasonable doubt that a breaking and entering had occurred. Thus, in *State v. Eldridge,* supra, where defendant had been convicted of the crime of *breaking, entering* and larceny, there was evidence other than defendant's possession of recently stolen goods from which the jury could rationally have found beyond a reasonable doubt that the goods were stolen *during a breaking and entry.* Similarly, reviewing a conviction for robbery in *State v. Flaherty,* Me., 340 A.2d 212 (1975) we held that:

"The evidence was sufficient to support the jury's verdict that defendant participated in the larceny which was a constituent part of the robbery of George Record III, *as otherwise proved to have been committed,* and, therefore, was a participant in the robbery." (emphasis supplied) (p. 214)

The same principle governs in the instant case. The State had produced independent evidence sufficient to authorize a conclusion beyond a reasonable doubt that there had been an unlawful break and entry into the Oasis Hotel—specifically, that someone stole the cigarettes and beer from the Oasis Hotel by breaking into the building via the cellar window and then forcing his way through the two doors between the cellar and the office to make entry into the office of the Hotel.[3] Since there was thus sufficient independent proof of an unlawful breaking and entry in connection with the larceny of the goods found in the recent exclusive possession of defendant, the presiding Justice was warranted in drawing the inference from defendant's recent and exclusive possession of the stolen

---

3. Because the indictment charged that defendant broke and entered "a building, to wit, the Oasis Hotel," the presiding Justice could not properly have found that defendant broke from

one place within the building to another. Instead he was obliged to find, and the evidence supports such finding, that defendant entered from outside the building.

goods that defendant had committed not only the larceny but also the breaking and entering as a part of which the larceny had occurred.

The entry is:

*Appeal denied.*

All Justices concurring.