STATE of Maine

v.

John R. MIMMOVICH.

Supreme Judicial Court of Maine.

Sept. 2, 1977.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Joanne Sataloff, Law Student, Portland, for plaintiff.

Drummond & Drummond by David N. Fisher, Jr., Portland, for defendant.

Before DUFRESNE, C. J., and POMER-OY, WERNICK, ARCHIBALD, DELA-HANTY and GODFREY, JJ.

WERNICK, Justice.

Defendant John R. Mimmovich has appealed from a judgment of conviction entered May 20, 1976, in the Superior Court (Cumberland County) on the verdict of a jury convicting defendant of Breaking, Entering and Larceny (17 M.R.S.A. § 2103).[1]

We deny the appeal.

The evidence warranted jury findings of the following facts.

On October 22, 1975, Mrs. Barbara Drouin, who resided with her husband Joseph Drouin in an apartment in Westbrook, left her home at approximately 10:45 a.m. to go shopping. While she was returning about noon, she happened to see defendant and a companion walking on the street approximately one block from her home. Entering her apartment, Mrs. Drouin saw that it had been ransacked. She found that the back door, which she had locked before she had left the apartment, was open. Mrs. Drouin left the apartment and drove to pick up her husband at work. Again, as she was returning home, she saw defendant and his companion walking on a street near the apartment. The Drouins stopped and began to question them. They said that they had just returned from Windham. When the questions were directed to the contents of a paper sack which defendant was carrying, both men fled. Mr. Drouin pursued them. Defendant dropped the bag. Mr. Drouin recovered it and continued pursuing defendant, finally catching him. A police officer arrived and took defendant into custody. The paper sack contained two cameras and a watch, identified as property of the Drouins stolen from their apartment that morning.

At the trial defendant testified in his own behalf. He said that he was returning to Westbrook from Windham when he met his companion who was carrying the paper sack. Defendant maintained he happened to be holding the sack when he met the Drouins because his friend was in the process of lighting a cigarette. Defendant explained that he had fled when Mr. Drouin began to accuse him because, having a criminal record, he became panicky.

In his charge to the jury the presiding Justice instructed:

"The Jury has the right to infer that one found in recent and exclusive possession of stolen goods was the thief, or the person who broke or entered, unless other circumstances in evidence, from whatever source, either produced by the State or defendant, create a reasonable doubt as to the defendant's guilt."

 Defendant's points on appeal worthy of extended discussion are: (1) the evidence of a break was insufficient for the jury to find defendant guilty as charged

---

1. 17 M.R.S.A. § 2103 provides:

 "Whoever, without breaking, commits larceny in the nighttime in a dwelling house or building adjoining and occupied therewith, or breaks and enters any office, bank, shop, store, warehouse, barn, stable, vessel, railroad car of any kind, courthouse, jail, meetinghouse, college, academy or other building for public use or in which valuable things are kept, and commits larceny therein, shall be punished by imprisonment for not more than 15 years; and when the offense is committed in the daytime, by a fine of not more than $1,000 or by imprisonment for not more than 6 years."

and (2) the aforementioned instruction to the jury was erroneous.[2]

■ Defendant saved neither of these issues by proper objections, or motions, at the trial level. Hence, we may take cognizance of them only in the manifest error-serious injustice context i.e., that the errors, if any, deprived defendant of a fundamentally fair trial.

## I.

If proof of a break is an essential element of the crime here charged,[3] defendant would be deprived of a fair trial were he convicted on evidence legally insufficient to establish this essential element of the crime.

■ We find, however, that the evidence was adequate to support a jury conclusion beyond a reasonable doubt that there had been a break into the Drouin apartment.

In *State v. Liberty*, Me., 280 A.2d 805, 807 (1971), we said that:

"The movement to a material degree of anything that bars the way of entry into the building is a breaking."

See also: *State v. Cookson*, Me., 293 A.2d 780 (1972). In addition we have explained as to the concept of a "breaking":

"It is enough to constitute a breaking, if an unlocked window, whether or not partially opened, is raised or further opened to admit a person's body, or if a door, even though unlocked or ajar, is opened for the same purpose." *State v. Mower*, Me., 275 A.2d 584, 585 (1971), quoting *State v. Kohlfuss*, 152 Conn. 625, 211 A.2d 143 (1965).

Mrs. Drouin testified that when she returned from shopping on the morning of the crime,

". . . I walked into my front door, when I opened the door there is a cabinet

in my kitchen, there was a door opened, things were on the floor.

\* \* \* \* \* \*

". . . [W]hen I walked into my front door, my back door was . . . open, which was locked when I left."

This testimony was sufficient to authorize the jury to conclude beyond a reasonable doubt that, despite the lack of visible signs of force, there had been a break through the back door into the Drouin apartment.

## II.

■ We find no error so serious as to have deprived defendant of a fair trial in the presiding Justice's instruction concerning the inference which the jury was authorized to draw should the jury find that defendant had exclusive possession of goods found by the jury to have been recently stolen.

Since we have decided that there was sufficient independent evidence of a break and entry, the existence of such evidence authorized a charge by the presiding Justice that if the jury was satisfied beyond a reasonable doubt that defendant had exclusive possession of goods recently stolen from the Drouin apartment, they were entitled to infer from such facts, if in light of all the evidence the jury was so satisfied beyond a reasonable doubt, that it was defendant who not only had stolen the goods but also had committed the breaking and entering to which the larceny was incident. *State v. Reed*, Me., 347 A.2d 123 (1975).

Defendant, however, further complains of the language of the presiding Justice concerning the jury's "right to infer" defendant's guilt should the jury find that defendant was

"found in recent and exclusive possession of stolen goods . . ., *unless other*

---

**2.** In his statement of points on appeal defendant included a third contention that the sentence imposed on him of three to six years imprisonment was unconstitutional as "cruel and unusual punishment." The point was not argued in the brief and may, therefore, be taken to have been waived. *State v. Barlow*, Me., 320 A.2d 895 (1974); *State v. Campbell*, Me.,

314 A.2d 398 (1974). In any event, the contention is patently without merit.

**3.** As the statute is worded, it is arguable that a break need not be proved as to a daytime entry into a dwelling. We need not decide the point, however, since we conclude that there was sufficient evidence of a break.

*circumstances* in evidence, . . . *create a reasonable doubt* as to the defendant's guilt." (emphasis supplied)

Defendant is correct that this instruction was erroneous. As we recently emphasized in *State v. Smith*, Me., 366 A.2d 865 (1976), *even in the absence of circumstances other than those giving rise to the inference*, the jury may entertain a reasonable doubt about drawing the inference and may, therefore, refuse to resort to it.

We conclude, however, that in light of the charge as a whole the error in this portion of the charge, to which defendant made no objection to give the presiding Justice opportunity to make corrections, did not operate to deprive defendant of a fair trial. Elsewhere in his instructions the presiding Justice repeatedly stated that the jury must be satisfied beyond a reasonable doubt as to each element of the offense. The last words the jury heard from the presiding Justice were:

"You, of course, may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense, as defined in these instructions, was committed by some person or persons and that the defendant participated in its commission."

The jury was thus abundantly informed that defendant was entitled to an acquittal if the jury believed that the prosecution had failed to prove each element of the crime charged beyond a reasonable doubt.

The entry is:

*Appeal denied.*

All Justices concur.