**STATE of Maine**

v.

**Wallace CARTER.**

Supreme Judicial Court of Maine.

Nov. 17, 1977.

Joseph M. Jabar, Dist. Atty., J. William Batten, Asst. Dist. Atty., Augusta, for plaintiff.

Wathen & Wathen by Alfred P. Bachrach, Malcolm L. Lyons, Augusta, for defendant.

Before POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

This is an appeal from a judgment entered following a jury verdict finding the defendant guilty of a sale of cannabis, alleged to have been consummated on November 4, 1975. 22 M.R.S.A. § 2384 (repealed and replaced by 17–A M.R.S.A. § 1103, effective May 1, 1976).

1. It was stipulated: "[The Chemist], were he here to testify, would testify that he analyzed the substance turned over to him by [a police

We deny the appeal.

Appellant filed a statement of six points on which he represented he would rely on appeal. Since the appellant only briefed and argued two of these points, we deem the others to have been waived. *State v. King*, Me., 330 A.2d 124, 125 (1974); *State v. Harriman*, Me., 259 A.2d 752, 753 (1969).

I

When the testimonial record was complete, the appellant seasonably moved for a judgment of acquittal for insufficiency of the State's evidence. The denial of this motion is the first claimed error.

An undercover agent for the State paid appellant $75.00 in return for which appellant handed him two packages, each containing cannabis.[1] Appellant apparently theorizes that because the cannabis may have been obtained by the appellant from a person known only as "Chris," the sale was actually made by "Chris" despite the fact that the undercover agent had no direct contact with the person. This agent solicited the delivery of cannabis and negotiated the price to be paid therefor only with the appellant.

A violation of 22 M.R.S.A. § 2384 was a felony since it carried a maximum penalty of imprisonment for "not more than 5 years." On the facts a rational jury could reach two possible conclusions. Either appellant was the vendor personally or he was present and actively participating in a felonious sale being then made by "Chris," who might be described as standing, in relation to the undercover agent, as an undisclosed vendor. In either event, a guilty verdict would be correct. *State v. Simpson*, Me., 276 A.2d 292, 294 (1971). *See State v. Thibodeau*, Me., 353 A.2d 595, 604 (1976).

The motion was properly denied.

detective], and his analysis revealed it to be cannabis."

## II

After the jury instructions were completed defense counsel stated:

"I would also object to your statement that as a matter of law . . . if the facts show that Wallace Carter got it from someone else and sold it to the agent that he would be guilty. I feel that that is an indirect comment on the evidence and is not permissible, and I feel it prejudices the defendant."

The actual instruction was:

"Now, if Wally Carter—if you found, beyond a reasonable doubt, that Wally Carter did, in fact, get the marijuana from someone else, and he took the marijuana and gave it to Kenneth Loviett in exchange for the money, and got the money back, and whether he took that money to someone else or not, I would say, as a matter of law, that that would be sufficient proof that he was a principal in accomplishing the offense of an unlawful sale of marijuana."

Did this instruction constitute a comment on the evidence in violation of 14 M.R.S.A. § 1105 which prohibits a presiding justice from expressing "an opinion upon issues of fact arising in the case"?

■ It is improper to view a segment of an instruction in isolation. *State v. Cugliata*, Me., 372 A.2d 1019, 1034 (1977). To determine if a portion of a charge is erroneous, our duty is to examine the language objected to but to do so in light of the charge "as a whole." *State v. Mimmovich*, Me., 377 A.2d 116, 119 (1977).

Since it was apparent that the thrust of the defense was that the illegal sale was made by "Chris" and not by the appellant, the Justice was under an obvious obligation to put this argument in its proper legal perspective. Initially he pointed out the duty of the State to prove beyond a reasonable doubt that appellant "did unlawfully sell" cannabis, and that such was his specific intent. We quote a segment of the instruction:

"Let me tell you this: The state has to prove—they've alleged a sale. They've got to prove a sale. But a sale, an illegal sale of marijuana can be—I'm not saying whether it is or it wasn't, or what happened, but it can be accomplished by one or more people; and today they're trying Wally Carter. That doesn't mean that he has to be the only person that was involved in this. . . ."

The Justice then proceeded, by illustration in unrelated areas, to give instances when one person can commit a criminal act although the primary actor may be another. He pointed out that to be a principal one must "be present" and "participate in the accomplishing of the crime" and, if the proof fails, "then you find him not guilty."

■ In summary, assuming a technical deficiency in the segment of the charge objected to, in light of the charge as a whole the appellant was not deprived of a fair trial. Considering the instructions in their totality we fail to note any intimation by the Justice that he had an opinion on the ultimate fact, namely, the alleged sale by the appellant. His comment was postured hypothetically, the jury being left entirely free to adopt an opposite hypothesis if it was so persuaded by the facts. As we read the charge, the effort was to crystallize for the jury the burden borne by the State, namely, to prove beyond a reasonable doubt that the appellant, in legal contemplation, had sold cannabis to the undercover agent. Thus, the Justice was faithful to the admonition of 14 M.R.S.A. § 1105 by "[charging] the jury . . . upon all matters of law arising in the case."

The entry is:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.

POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ., concur.