**STATE of Maine**

v.

**Paul ATKINSON and Richard Pinkham.**

Supreme Judicial Court of Maine.

March 8, 1978.

Thomas A. Berry (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

R. James Davidson, Waldoboro (orally), for Richard Pinkham.

Joseph Steinberger, Waldoboro (orally), for Paul Atkinson.

Before DUFRESNE, C. J., and POMEROY, WERNICK, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

Paul Atkinson and Richard Pinkham have appealed from a judgment entered on a jury verdict finding each of them guilty of breaking and entering the store of Alice

Adams in the nighttime and committing larceny therein. 17 M.R.S.A. § 2103.[1]

Although the Lincoln County grand jury had charged the appellants in separate indictments, the cases were consolidated for trial. Rule 13, M.R.Crim.P.

We deny the appeals.

I

On December 28, 1975, at approximately 11:15 p. m., Deputy Sheriff Lawrence was proceeding to an area known locally as Head Tide to investigate a report of a "suspicious vehicle" with a "loud exhaust system." As Officer Lawrence arrived at the locus, he observed a station wagon parked in front of the Head Tide Antique Store with its engine running and its lights on but, as he approached, the station wagon drove away. The officer, with the window of his vehicle open, noted that the station wagon had a loud exhaust. He followed the station wagon a short distance and then signaled the driver to stop, who, before doing so, turned into a private driveway. The police cruiser was then parked behind the station wagon in such a manner that the interior of the station wagon was illuminated. As the officer walked toward the vehicle, he observed through the partially open rear window "two showcases that appeared to have antiques in them." He then made the following observations:

1) Attached to these antiques were price tags and stock numbers.

2) There was no frost on the glass showcases despite the fact that both the inside and outside of the station wagon's windows were covered with frost.

3) There was a light covering of dust on the tops of the showcases.

Officer Lawrence recognized the sole passenger as Paul Atkinson because of several previous police-related encounters. From prior police activities he also recognized the name of the driver, Richard Pinkham. Both Atkinson and Pinkham denied any knowledge of how the showcases happened to be in the station wagon.

After determining that the station wagon was not registered to either of the occupants, Officer Lawrence had the vehicle and contents impounded. Subsequently the antiques were removed from the station wagon and were admitted in evidence at trial.

The appellants first argue that "the events leading to this seizure do not constitute probable cause for the officer to believe those items in the vehicle were stolen property" and, therefore, the seizure violated their Fourth Amendment rights.

We do not agree.

First, it is not disputed that what is involved here is the seizure of certain antiques which were in plain view of the officer.

"It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."

*Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968). *See State v. Paulin,* Me., 277 A.2d 493 (1971), and cases cited therein.

Second, the appellants correctly point out that even where no search is necessary, the seizure by the officer must be supported by reasonable grounds for him to believe that the property falls within a category which warrants the seizure. *State v. Mosher,* Me., 270 A.2d 451, 453 (1970).

The question thus becomes whether Officer Lawrence, at the time he seized the station wagon and its contents, had reasonable grounds to believe that the showcases and antiques were stolen property.

While it is true that at the time of the seizure the officer had no knowledge of the breaking and entering at the Head Tide Antique Store, this does not preclude the existence of probable cause to believe that

---

1. Section 2103 was repealed by the enactment of the Maine Criminal Code. See 17–A M.R.S.A. §§ 353 and 401.

the items in the station wagon were stolen. We have said many times that in dealing with probable cause

"we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act."

*State v. Cowperthwaite,* Me., 354 A.2d 173, 177 (1976), quoting from *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

■ We believe the presence of two showcases containing antiques with price tags still attached, in a vehicle observed leaving the area of an antique store late at night, coupled with the defendants' inability to explain the presence of the antiques in the station wagon, afforded reasonable grounds for their seizure as stolen goods. *State v. McLain,* Me., 367 A.2d 213, 218 (1976). We therefore conclude that the defendants' motion to suppress the seized items was properly denied by the Court below.

## II

After impounding the station wagon, the officer returned to the Head Tide Antique Store to investigate further. He observed broken glass on the inside door of the store. He also noted that the inside door was ajar. Near the vicinity of the doorway, he observed footprints in the snow. It was later determined that these footprints matched the soles of the boots worn by Richard Pinkham.

Alice Adams, the owner of the antique business, testified that she usually goes into the Head Tide Antique Store a couple of times a week during the winter to check everything. She stated that on her last visit, which was several days before the break was discovered, there was nothing unusual about the store.

The appellants argue that there was no evidence presented at trial to indicate that the defendants were responsible for the breaking at the store. Appellants suggest that the evidence presented was consistent with the following hypothesis:

"Defendants, cruising around Head Tide with nothing particular to do, discovered that the door to the Old Head Tide Store was broken and wide open. Having a low resistance to temptation, they entered the shop and loaded some of the contents into their station wagon."

Appellants base their argument on the fact that Alice Adams testified that the antiques recovered from the defendants did not constitute all of the missing property from the store. We do not believe that the appellants' hypothesis necessarily follows from this fact. An equally rational hypothesis would be that the defendants had earlier broken into the store and carried away items and were back for a second trip when they were discovered. This hypothesis is supported by the fact that footprints of one of the defendants were seen in the vicinity of the doorway of the store.

■ The evidence clearly established a break at the Head Tide Antique Store. In construing 17 M.R.S.A. § 2103, we have said that the mere "moving to a material degree something that barred the way, i. e., either a closed door or a closed window," constitutes a breaking. *State v. Mower,* Me., 275 A.2d 584, 586 (1971). *See also State v. Mimmovich,* Me., 377 A.2d 116, 118 (1977); *State v. Cookson,* Me., 293 A.2d 780, 785 (1972); *State v. Liberty,* Me., 280 A.2d 805, 808 (1971). These defendants were found by the officer to have been in exclusive possession of goods which, by independent evidence, were shown to have been recently stolen. Thus, the jury was warranted in drawing the inference that not only had the defendants committed the larceny but had also feloniously broken and entered the premises involved. *State v. Bogdanyi,* Me., 378 A.2d 1325 (1977); *State v. Reed,* Me., 347 A.2d 123 (1975).

The entry is:

Appeals denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.